# In the United States Bankruptcy Court
## for the
### Southern District of Georgia
#### Savannah Division

**FILED** @

at _2_ O'clock _00_ min _P_ M
Date _11/13/06_

United States Bankruptcy Court
Savannah, Georgia

In the matter of:                        )
                                         )
**ALEXIS N. ROBERTS**                    )       Adversary Proceeding
(Chapter 13 Case <u>05-43073</u>)       )
                                         )       Number <u>06-04028</u>
              *Debtor*                   )
                                         )
                                         )
                                         )
**JOHN RANDALL FUTCH**                   )
                                         )
              *Plaintiff*                )
                                         )
                                         )
v.                                       )
                                         )
                                         )
**ALEXIS N. ROBERTS**                    )
and                                      )
**BERNARD D. SPEAKS, a minor**           )
                                         )
              *Defendants*               )

## SCHEDULING ORDER AND ORDER TO SHOW CAUSE

The Court hereby orders a hearing to be conducted on December 14, 2006 at 10:00

a.m.  At that hearing, the Court shall take up the following matters now pending in this

adversary proceeding:

- Motion for Appointment of Guardian Litem [sic].  *See* Dckt. No. 6 (March 24, 2006).
- Plaintiff's Request for Production of Documents to Defendants.  *See* Dckt. No. 16 (June 8, 2006).
- Motion for Imposition of Sanctions.  *See* Dckt. No. 43 (October 2, 2006).
- Amended Motion for Imposition of Sanctions.  *See* Dckt. No. 57 (October 26, 2006).

- Motion for Temporary Restraining Order Until Hearing on Permanent Injunction. *See* Dckt. No. 58 (October 26, 2006).
- Motion for Hearing on Permanent Injunction. *See* Dckt. No. 59 (October 25, 2006).

The Plaintiff is further ordered to Show Cause at that hearing as to why this adversary proceeding should not be dismissed for his failure to appear at a status conference held on May 24, 2006. The Plaintiff is incarcerated. Subsequent to the May status conference, he sent the Court correspondence in which he states that he is currently in the "holdover" in Atlanta, Georgia, and that he will be there for approximately four more weeks. *See* Case No. 05-43073, Dckt. No. 93 (November 1, 2006). He requests that I order the United States Marshals to hold him in the Atlanta holdover so that he may appear. The Plaintiff clearly believes that he has the right to physically appear at any hearing and that he may do so at the government's expense. Id.

He is incorrect, as the United States Supreme Court has resolved that question. In Lewis v. Casey, 518 U.S. 343, 355, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), the court stated that a prisoner's right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." While a prisoner's right of access to the court includes the ability to "attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement," the impairment of "any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of

AO 72A
(Rev. 8/82)

2

conviction and incarceration." Id.  Courts have read Lewis to conclude that prisoners do not have a constitutional right of access to the courts for the litigation of unrelated civil claims. *See, e.g.*, Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1160 (9th Cir. 2003)(concluding that a prisoner had not suffered a constitutional violation when the sheriff holding him failed to permit him to make an appearance at a hearing concerning a civil action unrelated to his conviction or conditions of confinement).  Following these authorities, I conclude that the Plaintiff does not have a constitutional right to be physically present at hearings in this case.

While the Court is not constitutionally mandated to permit the Plaintiff to make an appearance at the hearing, the question remains whether this Court has any discretional authority to allow him to be physically present.  "As a technical matter, the proper method for securing a prisoner's presence at trial is a petition for a writ of habeas corpus *ad testificandum*." United States v. Rinchack, 820 F.2d 1557, 1567 (11th Cir. 1987).  The scope of a prisoner's right to prosecute his own civil action has been addressed by the decision of the Eleventh Circuit Court of Appeals in Poole v. Lambert, 819 F.2d 1025 (11th Cir. 1987). In that case, the court stated that it is within a district court's sound discretion to issue a writ of habeas corpus *ad testificandum* to allow a prisoner to be physically present for his own civil trial.  Id. at 1028; Hawkins v. Maynard, 1996 WL 335234, *1 (10th Cir. 1996)("The decision to issue a writ of habeas corpus ad testificandum to permit a prisoner's presence is committed to the sound discretion of the district court.").

Although Poole concluded that a district court has discretion to issue a writ of habeas corpus *ad testificandum*, that case did not determine whether a bankruptcy court has similar authority. While the Bankruptcy Reform Act of 1978 included a provision that would have permitted bankruptcy courts to issue such writs, 28 U.S.C. § 2256 was deleted prior to its effective date by the Bankruptcy Amendments and Federal Judgeship Act of 1984. Gruntz v. County of Los Angeles (In re Gruntz), 202 F.3d 1074, 1086 (9th Cir. 2000)(citations omitted). The fact that Congress refused to allow 28 U.S.C. § 2256 to become law has led several courts to conclude that bankruptcy courts lack the power to issue writs of habeas corpus. *See* Bryan v. Rainwater, 254 B.R. 273, 276 (N.D. Ala. 2000)(finding that because 28 U.S.C. § 2241 allows only the "Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions" to grant writs of habeas corpus, the bankruptcy court exceeded its authority to issue a writ of habeas corpus on the debtor's behalf); Womack v. Mays (In re Womack), 253 B.R. 247, 248 n.2 (Bankr. E.D. Ark. 2000)(stating that due to 28 U.S.C. § 2241, "this Court does not have the authority to issue a writ of habeas corpus"); Cornelious v. Bishop (In re Cornelious), 214 B.R. 588, 590 (Bankr. E.D. Ark. 1997)("The statute which permitted the bankruptcy court to issue a writ of habeas corpus, 28 U.S.C. § 2256, never took effect. Accordingly, this Court does not have the power to order the release of the debtor.").

In light of the fact that the 1978 provision explicitly permitting bankruptcy courts to issue writs of habeas corpus never became effective, I hold that I lack the authority to exercise the discretionary power to issue a writ of habeas corpus to permit the Plaintiff to be

physically present at hearings in this case.  The Plaintiff must proceed *in absentia* unless he seeks and receives a writ of habeas corpus from the appropriate court.  *See* <u>Bryan</u>, 254 B.R. at 276 ("Accordingly, the Bankruptcy Court exceeded its authority when it granted the writ of habeas corpus on behalf of [the debtor].  *The proper federal process for effectuating the release of [the debtor] was through an action in the United States District Court*.")(emphasis added).  This decision in no way inhibits or suppresses the Plaintiff's ability to hire legal counsel to represent his interests at any hearing, and indeed this Court always recommends that parties hire counsel rather than proceed *pro se*.

The hearing date has been selected to permit sufficient notice of my ruling to the Plaintiff to enable him to hire counsel and for counsel to fully prepare to handle the matters assigned.  Should the Plaintiff retain counsel, counsel is ordered to file a timely notice of appearance so that all parties may be informed of such employment.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This ___ day of November, 2006.