# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED
at 1 O'clock & 45 min P.M
Date 2/7/07

Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia

| | |
|---|---|
| In the matter of: ) | Adversary Proceeding |
| ALEXIS N. ROBERTS ) | |
| (Chapter 13 Case Number <u>05-43073</u>) ) | Number <u>06-4028</u> |
| *Debtor* ) | |
| JOHN RANDALL FUTCH ) | |
| *Plaintiff* ) | |
| v. ) | |
| ALEXIS N. ROBERTS ) | |
| and ) | |
| BERNARD D. SPEAKS, a minor ) | |
| *Defendants* ) | |

## ORDER DISMISSING ADVERSARY PROCEEDING

On November 13, 2006, the Court ordered the Plaintiff to show cause as to why this adversary proceeding should not be dismissed due to his failure to appear at a status conference held on May 24, 2006. *See* Dckt. No. 60 (November 13, 2006). Originally, the show cause hearing was to have been held on December 14, 2006, but it was continued to January 31, 2007, due to concerns that the Plaintiff did not receive timely notice of the

AO 72A
(Rev. 8/82)


Court's show cause order.[1] The Plaintiff failed to appear at the January 31, 2007, hearing, and counsel did not appear on his behalf.

The Plaintiff is presently incarcerated. Addressing the Plaintiff's previous request that the Court order the United States Marshal to allow him to be physically present at hearings, I concluded that the Plaintiff did not have the constitutional right to physically appear at the show cause hearing. See Dckt. No. 60, p. 3 (November 13, 2006). My order specifically noted, however, that the Plaintiff retained the right to hire legal counsel to appear on his behalf. Id. at 8. Subsequently, in the event his Petition for Writ of Habeas Corpus Ad Testificandum before the United States District Court was denied, the Plaintiff also requested that the Court permit him to appear at hearings telephonically. Due to the inconvenience and difficulty that such an arrangement would cause to the Court and the parties in interest, I denied this request pursuant to my discretion and authority to manage the proceedings before me. See Dckt. No. 93 (January 23, 2007).

Pursuant to Federal Rule of Bankruptcy Procedure 7041, Federal Rule of Civil Procedure 41 applies to this adversary proceeding. According to Rule 41(b), for "failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." FED.

---

[1] Also scheduled for hearing on January 31, 2007, were motions to compel filed on December 29, 2006, and January 9, 2007, by the Plaintiff.

R. Civ. P. 41(b).[2] Courts may use this rule as a tool to enforce compliance with their orders and rules of procedures. Cardservice Int'l, Inc. v. Inman (In re Inman), 260 B.R. 233, 237 (Bankr. M.D. Fla. 2000). "Failure of a party to follow the rules of procedure triggers a court's discretion to dismiss that party's lawsuit." Id. Furthermore, a failure to appear at trial "would presumably justify dismissal under Rule 41(b), since the plaintiff is not represented by counsel and thus his presence would be indispensable for conducting a trial, particularly one in which he would presumably bear the burden of proof." Reshetnikov v. Republic Nat'l Bank, 2005 WL 2295205, *2 (S.D.N.Y. 2005); see also DuBose v. Minnesota, 893 F.2d 169, 171 (8th Cir. 1990)(affirming the district court's dismissal of a pro se plaintiff's case pursuant to Rule 41(b) due to the plaintiff's failure to appear at trial despite receiving notice of the trial date on three occasions).

To repeat, neither the Plaintiff nor legal counsel acting on his behalf appeared at the January 31, 2007, show cause hearing. Throughout this adversary proceeding, the Plaintiff has failed to appear at regularly scheduled hearings or hire legal counsel to appear on his behalf. In addition, the Plaintiff has had notice since late November 2006 that either he or counsel acting on his behalf had to appear to show cause why this adversary proceeding should not be dismissed for lack of prosecution. Furthermore, due to his inability to be physically present at hearings, the Plaintiff's decision not to hire counsel

---

[2] In addition to a trial court's authority under Rule 41(b), the United States Supreme Court has recognized that "the authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)(quotations omitted).

has further hampered his ability to effectively prosecute this action and allow it to move efficiently towards a final resolution, which further prejudices the Defendants.[3] *See* Madison-Onondaga Corp. v Kanaley (In re Kanaley), 241 B.R. 795, 802 (Bankr. S.D.N.Y. 1999)("A plaintiff's duty of due diligence is imposed because of the strong policy favoring prompt disposition of cases. Prejudice to defendants may be presumed from the length of the delay.").

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that the above-captioned adversary proceeding is DISMISSED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 6th day of February, 2007.

---

[3] This is not an abstract or trivial concern. The Plaintiff has filed numerous pleadings and motions in this adversary proceeding against the Defendants and third parties. *See, e.g.*, Dckt. Nos. 46-53 (October 16, 2006)(eight subpoenas for the production of documents); Dckt. Nos. 82-88 (January 9, 2007)(eight motions to compel). In addition, he has filed several motions with this Court requesting a variety of actions. *See, e.g.*, Dckt. No. 56 (October 25, 2006)(Plaintiff's motion for a consolidated hearing); Dckt. No. 57 (October 26, 2006)(Plaintiff's amended motion for imposition of sanctions); Dckt. No. 58 (October 26, 2006)(Plaintiff's motion for a temporary restraining order). The Plaintiff's inability to physically appear in court to defend his requests and pleadings or hire legal counsel to do so on his behalf represents an abdication of his responsibility to effectively prosecute this adversary proceeding, which he instituted. *See* M & H Cosmetics, Inc. v. Alfin Fragrances, Inc., 102 F.R.D. 265, 267 (E.D.N.Y. 1984)("The plaintiff is the party instituting the suit and therefore is expected to pursue his interests by prosecuting it. The defendant cannot be expected to provide the impetus to push the action forward.").